UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERVIN LEE, JR.,

    Plaintiff,

v.                                                           Case No. 3:16cv55/RV/CJK

DR. MICHAEL PLUNKETT, M.D.,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a complaint (doc. 1) on the form for use by *pro se* (non-prisoner) litigants in actions under 28 U.S.C. § 1331 (providing for the court's jurisdiction over cases involving a federal question) or 42 U.S.C. § 1983 (the civil rights statute). Plaintiff moves to proceed *in forma pauperis* (doc. 2). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). After careful consideration, the undersigned concludes that this action should be dismissed for lack of subject matter jurisdiction, because plaintiff's allegations are inadequate to invoke federal question or diversity jurisdiction.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a resident of Pensacola, Florida. Plaintiff is suing Michael Plunkett,

M.D., a resident of Pensacola, Florida employed at Sacred Heart Hospital. (Doc. 1, pp. 1-2). Plaintiff claims Dr. Plunkett violated his rights under the Eighth Amendment and *Farmer v. Brennan*, 511 U.S. 825 (1994), when he convinced plaintiff to have a penis pump implanted to correct plaintiff's erectile dysfunction. According to plaintiff, Dr. Plunkett knew at the time he recommended the operation that the pump might not work, but failed to convey that information to plaintiff. After the pump was implanted, plaintiff experienced distress and pain, and had Plunkett remove the pump. Plaintiff then saw a second doctor, who advised him that implantation of the pump was useless and unnecessary due to plaintiff's age and diabetes. (Doc. 1, pp. 3-5). As relief for Dr. Plunkett's actions, plaintiff seeks monetary damages. (*Id.*, p. 5).

The jurisdiction of the federal courts is limited by the scope defined by the Constitution and by statute. *In re Carter*, 618 F.2d 1093, 1098 (5th Cir. 1980); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) ("It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." (*quoting Taylor v. Appleton*, 30

F.3d 1365, 1367 (11th Cir. 1994))). Subject-matter jurisdiction is a threshold inquiry the court is required to consider before addressing the merits of any claim. *See Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). The court may raise the issue of subject-matter jurisdiction *sua sponte* at any point in the litigation when a doubt about jurisdiction arises. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising the issue of subject matter jurisdiction *sua sponte*). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Section 1331 provides district courts with subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987). "A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Smith v. GTE*, 236 F.3d at 1310

(quotation omitted).

Plaintiff seeks to invoke the court's federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, by claiming that Dr. Plunkett's conduct violated the Eighth Amendment. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed nor cruel and unusual punishments inflicted." U.S. Const. amend VIII. The Eighth Amendment's prohibition against cruel and unusual punishment applies only to those convicted of crimes. *Ingraham v. Wright*, 430 U.S. 651, 664, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977); *D'Aguanno v. Gallagher*, 50 F.3d 877, 879, n. 2 (11th Cir. 1995) ("The cruel and unusual punishment clause only protects people who have been convicted of a crime.").

An additional reason plaintiff cannot sue Dr. Plunkett under 42 U.S.C. § 1983, is that § 1983 provides a cause of action only for the violation of a citizen's federal rights <u>by a state actor</u>. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981) (holding that a claim under § 1983 requires a plaintiff to establish that a state actor deprived him of a federal right), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). Plaintiff's allegations do not remotely suggest Dr. Plunkett violated a federal right, nor do they suggest the kind of action that would subject this private party defendant

to § 1983 liability as a "state actor". *See Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (setting forth the circumstances under which a private party may be viewed as a state actor for purposes of § 1983). Plaintiff cannot invoke the court's diversity jurisdiction under 28 U.S.C. § 1332, because all parties are residents of the State of Florida, as affirmatively appears in plaintiff's filing.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). As the deficiencies in plaintiff's complaint cannot be cured by amendment, this case should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

That this case be DISMISSED for lack of subject matter jurisdiction, and the clerk be directed to close the file.

At Pensacola, Florida this 18th day of February, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.